# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Micah E. Wells** | |
| | First Name          Middle Name          Last Name | |
| Debtor 2 (Spouse, if filing) | **Onekie S. Wells** | ☑ Check if this is an amended plan. |
| | First Name          Middle Name          Last Name | |
| Case number (If known) | **24-20014** | |

## Chapter 13 Plan and Motion

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1. **Notices. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.**

   (a) This plan:
   ☐ contains nonstandard provisions. See paragraph 15 below.
   ☑ does not contain nonstandard provisions.

   (b) This plan:
   ☐ values the claim(s) that secures collateral. See paragraph 4(f) below.
   ☑ does not value claim(s) that secures collateral.

   (c) This plan:
   ☐ seeks to avoid a lien or security interest. See paragraph 8 below.
   ☑ does not seek to avoid a lien or security interest.

2. **Plan Payments.**

   (a) The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of **$8,200.00** for the applicable commitment period of:

   ☑ 60 months: **or**

   ☐ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

   (If applicable include the following: These plan payments will change to $_____ monthly on _____.)

   (b) The payments under paragraph 2(a) shall be paid:

   ☐ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

   ☐ Debtor 1 ____% ☐ Debtor 2 ____%

   ☑ Direct to the Trustee for the following reason(s):
   ☐ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
   ☑ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):
   **The Debtors do not have a single source of income from which the payment could be deducted.**

   (c) Additional Payments of **$0.00** (estimated amount) will be made on ____,____ (anticipated date) from  (source, including income tax refunds).

3. **Long-Term Debt Payments.**

   (a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which

become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
|---|---|---|---|---|---|
| Pennymac Loan Services | 10 Winter Hawk Drive Fort Mitchell, AL 36856 Russell County | No | Debtor | February 2024 | $1,005.00 |
| Pennymac Loan Services | 102 Brookhaven Loop Ludowici, GA 31316 Long County | Yes | Debtor | February 2024 | $1,496.00 |
| Wells Fargo Auto Fin | 2019 Toyota Corolla | No | Debtor | February 2024 | $350.00 |

(b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
|---|---|---|---|---|
| -NONE- | | | | |

4.     **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

    (a)     **Trustee's Fees.** The Trustee percentage fee as set by the United States Trustee.

    (b)     **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $**4,500.00**.

    (c)     **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

    (d)     **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| First Chatham Bank/ Radar Lender Services | Lien secured by home and autos | 135,883.00 | 6.50% | 2660 |

    (e)     **Secured Claims Excluded from 11 U.S.C. § 506 (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| Navy Federal Credit Union | 2008 Ford F-150 | $6,263.38 | 6.50% | 115 |
| Grow Financial | 2017 Ford F150 | 35,164.00 | 6.50% | 700 |
| Navy Federal Credit Union | 2021 Toyota Camry 87,000 miles | 27,575.00 | 6.50% | 540 |
| Performance Finance | 2022 Indian Chieftain | 29,851.00 | 6.50% | 585 |
| USAA Savings Bank | 2017 Indian Scout | 7,217.00 | 6.50% | 140 |
| Wyndham Vacation Resorts | Timeshare | 17,894.00 | 6.50% | 350 |
| Wyndham Vacation Resorts | Timeshare | 38,423.51 | 6.50% | 750 |

    (f)     **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The

unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| -NONE- | | | | |

(g)  **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100%

☐ with interest at _____% per annum; **or** ☐ without interest:

**None**

(h)`  **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a **0.00**% dividend or a pro rata share of **$94,000.00**, whichever is greater.

5.  **Executory Contracts.**
   (a)  **Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTORS |
|---|---|---|---|---|
| S&P Ogeechee LLC | Commercial lease | Rejected | | |
| Cook Portable Shed | Rent-to-Own Shed | Assumed | 150.00 | Debtor |
| Best Version Media, LLC | Commercial Advertising Agreement | Rejected | | |

(b)  **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|
| -NONE- | |

6.  **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; **or** ☑ To the Trustee

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| Navy Federal Credit Union | 60.00 |
| Grow Financial | 350.00 |
| Navy Federal Credit Union | 275.00 |
| Performance Finance | 300.00 |
| First Chatham Bank/ Radar Lender Services | 1,360.00 |
| USAA Savings Bank | 70.00 |
| Wyndham Vacation Resorts | 180.00 |
| Wyndham Vacation Resorts | 385.00 |

7.  **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
|---|---|
| -NONE- | |

8.  **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|
| -NONE- | | |

9.  **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated

as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|
| Snap On Credit, LLC | tools | Full Satisfaction of Secured Debt - Allow Unsecured Deficiency, if Appropriate |

10.     **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

11.     **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure objections to claims may be filed before or after confirmation.

12.     **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13.     **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

14.     **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

15.     **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.

Dated:    **February 27, 2024**

                                       /s/ Micah E. Wells
                                       Micah E. Wells
                                                    *Debtor 1*

                                     /s/ Onekie S. Wells
                                       Onekie S. Wells
                                                    *Debtor 2*

                                     /s/ Judson C. Hill
                                     Judson C. Hill 354277
                                            *Attorney for the Debtor(s)*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the **Amended Chapter 13 Plan before Confirmation** on the following address by First Class Mail, placing the same in the United States Mail with proper postage affixed thereon:

- (see attached mailing matrix)

I hereby certify that I have served a copy of the **Amended Chapter 13 Plan before Confirmation** on the following corporations, partnerships, or other unincorporated associations addressed to an Agent or Officer by First Class Mail, with proper postage affixed thereon to the following address:

- n/a

I hereby certify that I have served a copy of the **Amended Chapter 13 Plan before Confirmation** on the following insured depository institutions by Certified Mail, to the officer of the institution:

- n/a

I hereby certify that I have served a copy of the **Amended Chapter 13 Plan before Confirmation** on the following parties and counsel electronically through the Notice of Electronic Filing (NEF) at the following addresses:

- n/a

This 5th of March, 2024.

_____
KAREN D. TAGGART, PARALEGAL

Gastin & Hill
Attorneys at Law
1020 Drayton Street
Suite 201
Savannah, Georgia 31401
(912) 232-0203

Label Matrix for local noticing
113J-2
Case 24-20014-MJK
Southern District of Georgia
Brunswick
Tue Mar  5 08:04:42 EST 2024

AAMCO, Franchise and Legal Administration
c/o Warren Berest
Attorney at Law
201 Gibraltar Road
Horsham, PA 19044-2329

American Express
P.O. Box 60189
City of Industry CA 91716-0189

AutoZone
P. O. Box 791409
Baltimore MD 21279-1409

Bank of America
P.O. Box 982238
El Paso TX 79998-2238

Barclays Bank Delaware
125 S. West Street
Wilmington DE 19801-5014

Best Version Media, LLC
P. O. Box 505
Brookfield WI 53008-0505

Capital One
P.O. Box 31293
Salt Lake City UT 84131-0293

Capital One, N.A.
4515 N Santa Fe Ave
Oklahoma City, OK 73118-7901

Lisa F. Caplan
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071-1570

(p)JPMORGAN CHASE BANK  N A
BANKRUPTCY MAIL INTAKE TEAM
700 KANSAS LANE FLOOR 01
MONROE LA 71203-4774

Citibusiness
P.O. Box 6309
The Lakes NV 88901-6309

City of Savannah
Water Department
Attn:  Bankruptcy Officer
P. O. Box 1228
Savannah, GA 31402-1228

Comcast Business
Attn:  Bankruptcy Officer
2605 Circle 75 Parkway SE
Atlanta, GA 30339-7010

Comcast Business
Attn:  Bankruptcy Officer
P. O. Box 71211
Charlotte, NC 28272-1211

Comenity Capital/Wyndham
P. O. Box 182120
Columbus OH 43218-2120

Comenity/Vacation Club Credit
P. O. Box 650113
Dallas TX 75265-0113

Confident Financial Solutions
1035 Pearl Street
Suite 417
Boulder CO 80302-5127

Cook Portable Shed
P. O. Box 538389
Atlanta GA 30353-8389

Credit One Bank
P. O. Box 98872
Las Vegas NV 89193-8872

Dignifi
2560 55th Street
Suite 100
Boulder CO 80301-5805

Janica Drayton
Padgett Law Group
3490 Piedmont Road
Suite 1475
Atlanta, GA 30305-1743

(p)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

Fairfield Acceptance
10750 W Charleston
Suite 130
Las Vegas NV 89135-1049

Financial Pacific Leasing, Inc.
3455 S 344th Way, #300
Federal Way, WA 98001-9546

First Command Bank
1 FirstComm Plaza
Fort Worth, TX 76109-4998

First Command Bank
P. O. Box 901041
Fort Worth TX 76101-2041

Georgia Power
Attn:  Bankruptcy Officer
BIM# 10102
241 Ralph McGill Blvd.
Atlanta, GA  30308-3374

Grow Financial
9927 Delaney Lake Dr
Tampa FL 33619-5071

Grow Financial Federal Credit Union
P.O. Box 89947
Tampa, FL 33689-0416

Judson C. Hill
Gastin & Hill
1020 Drayton Street
Ste. 201
Savannah, GA 31401-6535

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
c/o National Bankruptcy Services, LLC
P.O. Box 9013
Addison, Texas 75001-9013

Kohls/Capital One
P.O. Box 3115
Milwaukee WI 53201-3115

M. Elaina Massey
Post Office Box 1717
Brunswick, GA 31521-1717

Micah E. Wells
Onekie S. Wells
102 Brookhaven Loop
Ludowici GA 31316-6369

Navy Federal Credit Union
Attn: Legal/Officer
P. O. Box 3700
Merrifield VA 22119-3700

Navy Federal Credit Union
P.O. Box 3000
Merrifield, VA 22119-3000

Office of the U. S. Trustee
33 Bull Street, Suite 400
Savannah, GA 31401-3331

OneMain Financial
PO Box 3251
Evansville, IN 47731-3251

(p)PAWNEE LEASING CORPORATION ATTN  SANDI CAR
3801 AUTOMATION WAY
STE 207
FORT COLLINS CO 80525-5735

Pennymac Loan Services
P.O. Box 514387
Los Angeles CA 90051-4387

Performance Finance
P. O. Box 5108
Oak Brook IL 60522-5108

Margaret S. Puccini
Bouhan Falligant LLP
P O Box 2139
Savannah, GA 31402-2139

Radar Lender Services
5 N. State Street
2nd Floor
Greenfield IN 46140-2175

S&P Ogeechee LLC
c/o Maggie Puccini, Attorney at Law
P. O. Box 2139
Savannah GA 31402-2139

(p)SNAP ON CREDIT
950 TECHNOLOGY WAY
SUITE 301
LIBERTYVILLE IL 60048-5339

U.S. Bank NA dba Elan Financial Services
Bankruptcy Department
PO Box 108
Saint Louis MO 63166-0108

UAS/College Ave Student
P. O. Box 5863
Carol Stream IL 60197-5863

USAA Savings Bank
10750 McDermott Freeway
San Antonio TX 78288-1600

United Community Bank
Attn: Bankruptcy
P.O. Box 398
Blairsville GA 30514-0398

Utility Services Division
Attn: Bankruptcy Officer
P. O. Box 1968
Savannah, GA 31402-1968

Wayfinder BK as agent for Performance Financ
PO Box 64090
Tucson, AZ 85728-4090

Micah E. Wells
102 Brookhaven Loop
Ludowici, GA 31316-6369

Onekie S. Wells
102 Brookhaven Loop
Ludowici, GA 31316-6369

Wells Fargo Auto Fin
P.O. Box 29704
MAC X0301-02D
Phoenix AZ 85038-9704

Wells Fargo Bank N.A., d/b/a Wells Fargo Aut
PO Box 169005
Irving, TX 75016-9005

(p)WYNDHAM CONSUMER FINANCE INC
P O BOX 97474
LAS VEGAS NV 89195-0001

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Chase
Bankruptcy Unit
P.O. Box 15298
Wilmington DE 19850

Elan Financial Service
P.O. Box 790084
Saint Louis MO 63179

Pawnee  Leasing Corporation
3801 Automation Way
Suite 207
Fort Collins CO 80525

(d)Pawnee Leasing Corporation
3801 Automation Way Suite 207
3801 Automation Way Suite 207
Fort Collins, CO 80525-3801

Snap On Credit, LLC
950 Technology Way
Suite 301
Libertyville IL 60048

(d)U.S. Bank National Association
Bankruptcy Department
PO Box 108
Saint Louis, MO 63166-0108

(d)US Bank
P.O. Box 5229
Cincinnati OH 45201

Wyndham Vacation Resorts
10750 W. Charleston Blvd.
Suite 130
Las Vegas NV 89135

(d)Wyndham Vacation Resorts
P.O. Box 98940
Las Vegas NV 89193

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)PennyMac Loan Services, LLC

(u)S & P Ogeechee, LLC

End of Label Matrix
Mailable recipients    56
Bypassed recipients     2
Total                  58